MICHAEL A. GALLAGHER, PLAINTIFF-RESPONDENT, v. JAMES BENSON, DEFENDANT-PROSECUTOR.

Argued February Term, 1910—Decided September 12, 1910.

The amendment of section 31 of the District Court act, which enacts "nor shall any justice of the peace resident within the limits of any city or judicial district, where a District Court is or may be established, exercise any civil jurisdiction whatever," is germane to the object expressed in the title of the act entitled "An act concerning District Courts," and fulfills the constitutional requirement in that respect.

---

On *certiorari.*

Heard by a single justice of the Supreme Court.

For the prosecutor, *Isaac P. Runyon.*

For the respondent, *Henry B. Cook.*

BERGEN, J. The plaintiff began his action against the defendant in the Court for the Trial of Small Causes before a justice of the peace in the city of New Brunswick, where the

justice resided, which city is a District Court judicial district. It was admitted on the argument that the defendant did not reside in the city of New Brunswick, although the record is silent on that point.   On the return day named in the summons, the defendant appeared and filed written objections to the jurisdiction of the justice of the peace, the principal one being that the justice was "a resident of a city in which a District Court is established, and is therefore prohibited by statute from exercising any civil jurisdiction whatever."   The justice overruled the objection, whereupon the defendant demanded a jury, and the further hearing of the cause was continued for one week, at which time defendant again interposed his objection to the jurisdiction, but the trial was proceeded with and resulted in a judgment for plaintiff, to review which this writ of *certiorari* was prosecuted.

The claim of the prosecutor is that under section 31 of the District Court act, as amended in 1908 (*Pamph. L., pp.* 70, 77), the justice of the peace is prohibited from exercising any civil jurisdiction in the city of New Brunswick, while the contention of the respondent is that, as under the Small Cause act of 1903 (*Pamph. L., p.* 251), its jurisdiction is only prohibited where the defendant resides in a municipality wherein a District Court is established, that court has jurisdiction, where, as in this case, the defendant was not a resident of such judicial district.   The respondent admits that the District Court act prohibits the small cause court from exercising any civil jurisdiction in any municipality in which there is established a District Court, but insists that the District Court act of 1908 cannot be held to alter or change the Small Cause Court act of 1903, because such an object is not expressed in its title as required by the constitution of the state.   The act of 1903, after giving the Court for the Trial of Small Causes general jurisdiction over certain causes, contains the proviso that "the said court shall not have jurisdiction over any cause or proceeding cognizable before a District Court where any defendant resides within a municipality wherein a District Court is established," and the District Court act of 1908 contains the same restriction, with this addition: "Nor shall any justice of

the peace resident within the limits of any city or judicial district where a District Court is or may be established, exercise any civil jurisdiction whatever." This clause of restriction appears in the District Court act of 1898; the only change made by the amendment of 1908 was the insertion of the words "or judicial district," thereby extending the prohibition to include judicial districts as distinguished from cities; as to cities, the prohibition was in the statute prior to the Small Cause Court act of 1903. It further appears that when the act of 1898 was adopted there was in force a statute entitled "An act to increase the jurisdiction of justices of the peace" (*Pamph. L.* 1879, *p.* 115), which, among other things, provided "that no justice of the peace in any city where a District Court now exists shall exercise any jurisdiction over any cause cognizable in any such District Court." This act was repealed in 1904 (*Pamph. L., p.* 253), together with other acts supposed to be in conflict with the Small Cause act of 1903, in which latter act the jurisdiction was not limited to all causes cognizable before a District Court, but only to cases in which the defendant resides in a municipality subject to the jurisdiction of a District Court. The District Court act of 1898 remains unchanged except as it was extended in 1908 (*Pamph. L., p.* 70), so as to take in all municipalities, whether cities or not, in which a District Court is or may be established. The result of all this legislation need not be passed upon in the determination of this cause, because, in my judgment, the effect of the District Court act was to confer upon the court created by it exclusive jurisdiction, so far as the Court for the Trial of Small Causes is concerned, within the municipalities in which they are or may be established, for there is no discoverable difference between granting exclusive jurisdiction over civil matters theretofore cognizable before a justice of the peace within a designated municipality, and the deprivation of a justice of such jurisdiction within the same municipality. Section 6 of the original District Court act, as amended in 1878 (*Pamph. L., p.* 148), provided that such courts should have "jurisdiction exclusive of all other courts whatsoever, except the Circuit Court of the counties wherein said district

may be established, in all cases arising under this act." This statute was assailed upon the ground that the provision for exclusive jurisdiction was, in view of the title of the act, invalid, as being in violation of the requirement of the constitution that "every law shall embrace but one object and that shall be expressed in its title." This objection was approved by the Supreme Court but overruled by the Court of Errors and Appeals (*Payne* v. *Mahon,* 15 *Vroom* 213), Chancellor Runyon, speaking for the court, saying: "The grant of jurisdiction is a necessary incident to the establishment of the District Courts, and the taking away of the jurisdiction conferred upon other courts which, up to that time had exercised it, is germane to it. It cannot, in any proper sense, be said to have no proper relation to the subject or object of the law, which is the establishment of District Courts in certain places. It is not only not foreign to the object, but is manifestly cognate to it." If the Small Cause Court act of 1903 can be said to have repealed, by implication, the jurisdictional clause of the District Court act of 1898, that clause was restored by the statute of 1908, and if, as I hold, the effect of it was to grant to District Courts exclusive jurisdiction in certain places, by taking away the jurisdiction of justices of the peace in such places, it was, under *Payne* v. *Mahon, supra,* constitutional legislation, and the Court for the Trial of Small Causes having no jurisdiction over the subject-matter under review, the judgment brought up by this writ will be set aside, with costs.